AO 245D    (Rev. 09/11) Judgment in a Criminal Case for Revocations
Sheet 1

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 16 2015

JAMES W. McCORMACK, CLERK

By: _____ DEP CLERK

## UNITED STATES DISTRICT COURT
Eastern District of Arkansas

UNITED STATES OF AMERICA
v.
STUART COLE MITCHELL

**Judgment in a Criminal Case**
(For **Revocation** of Probation or Supervised Release)

Case No.  4:08CR00235-01 BSM
USM No.  25203-009

Chris Tarver
Defendant's Attorney

**THE DEFENDANT:**

☐ admitted guilt to violation of condition(s) _____ of the term of supervision.

☑ was found in violation of condition(s)   1, 3, 4, and 6   after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 Standard | Failure to answer truthfully all inquiries by probation officer | 02/09/2015 |
| 3 Special (18) | Failure not to possess or view media containing pornographic images or sexually explicit material | |
| 4 Special (19) | Failure to refrain from using any computer without receiving | |

The defendant is sentenced as provided in pages 2 through   5   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☑ The defendant has not violated condition(s)   2, 5, 7 and 8   and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Last Four Digits of Defendant's Soc. Sec. No.:   6050

Defendant's Year of Birth:   1979

City and State of Defendant's Residence:
Little Rock, Arkansas

04/13/2015
Date of Imposition of Judgment

_____
Signature of Judge

BRIAN S. MILLER,    U. S. DISTRICT JUDGE
Name and Title of Judge

4-16-15
Date

AO 245D     (Rev. 09/11) Judgment in a Criminal Case for Revocations
Sheet 1A

Judgment—Page 2 of 5

DEFENDANT: STUART COLE MITCHELL
CASE NUMBER: 4:08CCR00235-01 BSM

## ADDITIONAL VIOLATIONS

| Violation Number | Nature of Violation | Violation Concluded |
|---|---|---|
| | permission from probation officer. | |
| 6 General (5) | Failure to refrain from possessing firearm, ammunition, destructive device, or any other dangerous weapon. | |

AO 245D (Rev. 09/11) Judgment in a Criminal Case for Revocations
Sheet 2— Imprisonment

Judgment — Page 3 of 5

DEFENDANT: STUART COLE MITCHELL
CASE NUMBER: 4:08CCR00235-01 BSM

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total total term of :

**THREE (3) MONTHS**

☑ The court makes the following recommendations to the Bureau of Prisons:

Mitchell shall participate in any mental health treatment programs during incarceration.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245D   (Rev. 09/11) Judgment in a Criminal Case for Revocations
         Sheet 3 — Supervised Release

Judgment—Page __4__ of __5__

DEFENDANT: STUART COLE MITCHELL
CASE NUMBER: 4:08CCR00235-01 BSM

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :
**FIVE (5) YEARS**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if
- ☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is be a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245D (Rev. 09/11) Judgment in a Criminal Case for Revocations
Sheet 3C — Supervised Release

DEFENDANT: STUART COLE MITCHELL
CASE NUMBER: 4:08CR00235-01 BSM

Judgment—Page 5 of 5

## SPECIAL CONDITIONS OF SUPERVISION

14) Mitchell will participate in mental health counseling specializing in sexual offender treatment under the guidance and supervision of the probation officer and abide by the rules, requirements, and conditions of the treatment program, including submitting to polygraph testing to aid in the treatment and supervision process. Mitchell will pay for the cost of treatment, including polygraph sessions, at the rate of $10 per session, with the total cost not to exceed $40 per month, based on the ability to pay as determined by the probaiton office. In the event Mitchell is financially unable to pay for the cost of treatment, the co-pay requirement will be waived.

15) Mitchell shall register with the state sexual offender registration agency(s) in any state where he resides, visits, is employed, carries on a vocation, or is a student, as directed by the probation officer.

16) The probation officer will provide state officials with all information required under any sexual predator and sexual offender notification and registration statues and direct Mitchell to report to these agencies personally for required assistance, processing, such as photographing, fingerprinting, and DNA collection.

17) Mitchell shall not associate with children under the age of 18 except in the presence of a responsible adult who is aware of the nature of Mitchell's backgound and current offense, and who has been approved by the probation officer. Should Mitchell have incidential contact with a child, Mitchell is required to immediately remove himself from the situation and notify his probation officer within 24 hours of this contact. Mitchell will refrain from entering into any area children frequently congregate including, but not limited to schools, daycare centers, theme parks, theaters, and playgrounds.

18) Unless otherwise indicated in the sex offender treatment plan, Mitchell shall not possess or view any form of media containing pornographic images or sexually explicit material including but not limited to magazine, literature, videos, CD's, DVD's, or digital media, photographs. This includes material containing "sexually explicit conduct" as defined in 18 USC § 2256(2).

19) Mitchell shall not use any computer (whether or not equipped with a modem or access to the Internet) at any location without first receiving written permission from the probation officer. This includes access through any Internet service provider, bulletin board system, gaming system, online social networking activities, or any public or private computer network system. The defendant shall agree to the installation of computer monitoring software and hardware approved by the probation office and contribute to the computer monitoring cost based on his ability to pay.

20) Mitchell will not date or befriend anyone who has a child or children under the agen of 18 without notification of the third party and verification by the probation officer.

21) Mitchell shall submit his person and any property, house, residence, vehicle, papers, computer, or electronic communication or data storage devices or media, and effects to a search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the person, and by any probation officer in the lawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions, pursuant to 18 U.S.C. § 3853(d).

22) All other general and standard conditions previously imposed remain in effect and in force.

23) Mitchell will participate in a mental health program under the guidance and supervision of the probation office. Mitchell will pay for the cost of treatment at the rate of $10 per session, with the total cost not to exceed $40 per month, based on ability to pay as determined by the probation office. In the event Mitchell is financially unable to pay for the cost of treatment, the co-pay requirement will be waived.